United States Bankruptcy Court
Southern District of Mississippi

In re:
Melissa Kay Mason
Debtor

Case No. 26-02026-JAW
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0538-3 User: mssbad Page 1 of 2
Date Rcvd: Oct 29, 2026 Form ID: pdf012 Total Noticed: 1

The following symbols are used throughout this certificate:

| **Symbol** | **Definition** |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 31, 2026:**

| **Recip ID** | | **Recipient Name and Address** |
|---|---|---|
| db | + | Melissa Kay Mason, 173 Pemberton Dr, Pearl, MS 39208-4838 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 31, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 29, 2026 at the address(es) listed below:**

| **Name** | **Email Address** |
|---|---|
| James Eldred Renfroe | on behalf of Creditor Trustmark Bank jrenfroe@mslawfirm.biz kridge@mslawfirm.biz;orenfroe@mslawfirm.biz |
| Thomas Carl Rollins, Jr | on behalf of Debtor Melissa Kay Mason trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| Torri Parker Martin | tpm@tpmartinch13.com trusteeMSSB2H@ecf.epiqsystems.com |
| Torri Parker Martin | on behalf of Trustee Torri Parker Martin tpm@tpmartinch13.com trusteeMSSB2H@ecf.epiqsystems.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

TOTAL: 5

**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: October 29, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**In re:**

**MELISSA KAY MASON** — **Case No.: 26-02026-JAW**

DEBTOR. — **Chapter 13**

## ORDER CONFIRMING CHAPTER 13 PLAN

The debtor's plan was filed on 07/28/2026, and amended/modified by subsequent order(s) of the court, if any. The plan was transmitted to creditors pursuant to Bankruptcy Rule 3015. The court finds that the plan meets the requirements of 11 U.S.C. § 1325.

IT IS ORDERED THAT:

1. The debtor's chapter 13 plan attached hereto is confirmed.

2. The following motions are granted *(if any)*:

   a. Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims made under Rule 3012 (§ 3.2 of the plan);
   b. Motion to avoid lien pursuant to Section 522 (§ 3.4 of the plan).

3. The stay under Section 362(a) is terminated as to the collateral only and the stay under Section 1301 is terminated in all respects regarding collateral listed in Section 3.5 of the plan *(if any)*.

4. All property shall remain property of the estate and shall vest in the debtor only upon entry of discharge. The debtor shall be responsible for the preservation and protection of all property of the estate not transferred to the trustee.

5. The debtor's attorney is awarded a fee in the amount of $4600.00 of which $4328.00 is due and payable from the estate.

***##END OF ORDER##***

Approved:

/s/ THOMAS CARL ROLLINS, JR.

THOMAS CARL ROLLINS, JR. – MSB #_____
THE ROLLINS LAW FIRM, PLLC
P.O. BOX 13767
JACKSON, MS 39236
Phone: (601)500-5533
e-mail: trollins@therollinsfirm.com

Submitted by:

/s/ Torri Parker Martin

Torri Parker Martin
Standing Chapter 13 Trustee
200 North Congress Street, Suite 400
Jackson, MS 39201
Ofc: 601-981-9100
Fax: 601-981-1983
Email: tpm@tpmartinch13.com

MSSB-113 (12/17)

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Melissa Kay Mason<br>Full Name (First, Middle, Last) |
| Debtor 2<br>(Spouse, if filing) | <br>Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | SOUTHERN DISTRICT OF MISSISSIPPI |
| Case number:<br>(If known) | |

Ÿ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.**

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | › **Included** | Ÿ **Not Included** |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | Ÿ **Included** | › **Not Included** |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | Ÿ **Included** | › **Not Included** |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of **60** months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay $184.50 ~~**$192.00**~~ (Ÿ monthly, Ÿ semi-monthly, › weekly, or Ÿ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

~~Loves~~
~~10601 N Pennsylvania Ave~~
~~Oklahoma City OK 73120-0000~~

PETRO OF JACKSON MISSISSIPPI
ATTN: PAYROLL
7210 PLACID STREET
LAS VEGAS, NV 89119



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor **Melissa Kay Mason** Case number ______________________

Joint Debtor shall pay ____ (Ÿ monthly, Ÿ semi-monthly, Ÿ weekly, or Ÿ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

______________________________________________
______________________________________________
______________________________________________

**2.3 Income tax returns/refunds.**

*Check all that apply*

› Debtor(s) will retain any exempt income tax refunds received during the plan term.

Ÿ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

Ÿ Debtor(s) will treat income refunds as follows:

______________________________________________

**2.4 Additional payments.**

*Check one.*

› **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1 Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

Ÿ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** › **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

1 Mtg pmts to **Aven /** COASTAL COMMUNITY BANK POC FILED
Beginning **8/2026** @ $445.00 ~~**$873.00**~~ Ÿ Plan › Direct. Includes escrow Ÿ Yes › No

2 Mtg pmts to **Trustmark National**
Beginning **8/2026** @ **$896.00** Ÿ Plan › Direct. Includes escrow › Yes Ÿ No

**-NONE-** Mtg arrears to ______________ Through ______________ ______________

**3.1(b)** Ÿ **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property **-NONE-** address: ______________________
Mtg pmts to ______________________
Beginning month ____________ @ ____________ Plan Direct. Includes escrow Yes No

Property **-NONE-** Mtg arrears to ______________ Through ______________ ______________

**3.1(c)** Ÿ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor: **-NONE-** ______________ Approx. amt. due: ______________ Int. Rate*: ______________
Property Address: ______________________
Principal Balance to be paid with interest at the rate above: ______________
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ ______________



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor Melissa Kay Mason Case number

(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $ -NONE- /month, beginning month.
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

3.2 **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one..*

Ÿ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

› Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Ally Financial, Inc /CAPITAL | $11,284.39 ~~$12,423.00~~ | 2017 Chevrolet Silverado 170000 miles Debtor drives | $11,182.00 | $11,182.00 | POC FILED 8.50% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| -NONE- | | | month |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

Ÿ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
› The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Ally Financial, Inc /CAPITAL | 2023 Nissan Altima 55000 miles Dependent drives | $20,020.18 ~~$21,017.00~~ | POC FILED 8.50% |



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4 Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

› **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

*Check one.*

› **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees.**

› No look fee: 4,600.00

| | |
|---|---|
| Total attorney fee charged: | $4,600.00 |
| Attorney fee previously paid: | $272.00 |
| Attorney fee to be paid in plan per confirmation order: | $4,328.00 |

Ÿ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

› **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5 Domestic support obligations.**

› **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

Ÿ The sum of $

› 0.00 % of the total amount of these claims, an estimated payment of $ 0.00

Ÿ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

$0 JTC for TCR S.E.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $~~27.02~~
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

5.2 **Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

› **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

6.1 **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

› **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

7.1 **Property of the estate will vest in the debtor(s) upon entry of discharge.**

## Part 8: Nonstandard Plan Provisions

8.1 **Check "None" or List Nonstandard Plan Provisions**

› **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures:

9.1 **Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X /s/ Melissa Kay Mason
Melissa Kay Mason
Signature of Debtor 1

Executed on July 27, 2026

173 Pemberton Dr
Address
Pearl MS 39208-0000
City, State, and Zip Code

Telephone Number

X ______
Signature of Debtor 2

Executed on ______

Address

City, State, and Zip Code

Telephone Number

X /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. 103469
Signature of Attorney for Debtor(s)
P.O. Box 13767
Jackson, MS 39236
Address, City, State, and Zip Code
601-500-5533
Telephone Number
trollins@therollinsfirm.com
Email Address

Date July 27, 2026

103469 MS
MS Bar Number



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com